BROADHURST *v. Davis.*

[No. 869A150. Filed February 24, 1970.]

*William H. Wagner* and *Chester Clifford, Hoeppner & Houran,* both of Valparaiso for appellant.

*Philip M. Cagen, E. S. McCray* and *William T. Enslen,* all of Valparaiso for appellee.

PFAFF, J.—The appellee, an invitee independent contractor specializing in the installation of dry wallboard, sustained personal injuries in the appellant's tri-level home which was, at the time of the injuries, under construction. The appellee had been retained by appellant Broadhurst as one of several independent contractors to perform construction services on the home. Appellee's duties consisted of the removal of scrap material from the premises and the erection of the dry wallboard. Appellee first entered upon the premises to ascertain when he could start his work. Subsequent to this first visit, appellee returned to appellant's home for the purpose of removing scrap material. As the appellee attempted to go from the ground level to the second level of the home, the temporary stairway connecting these two levels collapsed and the appellee and the temporary stairway fell into the basement, thereby causing the injuries complained of.

Plaintiff-appellee's action for personal injuries charged the defendant-appellant with negligence in failing to provide a

reasonably safe place to work and also alleged that the stairway collapsed because it was negligently fastened by only one nail.

Trial to the court resulted in a judgment in favor of the plaintiff-appellee and an award of damages in the amount of $6,500.00. Appellant's motion for a new trial was overruled and this action is assigned as error.

Appellant's argument is confined to two propositions: That liability for failure of the temporary stairway should fall upon one Arthur Ensign, another independent contractor whose employee constructed the temporary stairway; and that there was no evidence that the appellant knew or in the exercise of reasonable care should have known of the defective stairway. The plaintiff-appellee throughout these proceedings has maintained this action on the theory that where the owner retains possession and control over a place where work is to be done, the owner must exercise reasonable care to see that the premises are safe. Implied in the appellee's theory of recovery is the assertion that the owner of the premises has a positive and active duty to inspect, and that appellant's breach of this duty manifested itself in the defective stairway, which was the proximate cause of appellee's injury.

The general rule as to the degree of care owed invitees is best stated by Prosser on Torts (3rd Ed.), § 61, p. 402:

"The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from arrangement or use. The obligation extends to the original construction of the premises, where it results in a dangerous condition. The fact that the premises are open to the public must be taken into account, and will call for

greater care than in the case of a visitor at a private home. If the presence of children is to be expected, their meddling propensities must be anticipated; and the principle of 'attractive nuisance' applies to child invitees no less than to trespassers.

"On the other hand there is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated, or those which the occupier did not know and could not have discovered with reasonable care. The mere existence of a defect or danger is not enough to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it.

"Likewise, in the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent to him that he may reasonably be expected to discover them. Against such conditions it may normally be expected that the visitor will protect himself. It is for this reason that it is so frequently held that reasonable care requires nothing more than a warning of the danger. But this is certainly not a fixed rule, and all of the circumstances must be taken into account. In any case where the occupier, as a reasonable man, should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. This is true, for example, where there is reason to expect that the invitee's attention will be distracted, as by goods on display, or that after lapse of time he may forget the existence of the condition, even though he has discovered it or been warned; or where the condition is one which would not reasonably be expected, and for some reason, such as an arm full of bundles, it may be anticipated that the visitor will not be looking for it. It is true also where the condition is one such as icy steps, which cannot be negotiated with reasonable safety even though the invitee is fully aware of it, and, because the premises are held open to him for his use, it is to be expected that he will nevertheless proceed to encounter it. In all such cases the jury may be permitted to find that obviousness, warning or even knowledge is not enough. It is generally agreed that the obligation as to the condition of the premises is of such importance that it cannot be delegated, and that the occupier will be liable for the negligence of an independent contractor to whom he entrusts maintenance and repair."

Although this jurisdiction has several reported decisions dealing with an occupier's liability to an invitee, this court's decision in the case of *F. W. Woolworth Co.* v. *Jones* (1955), 126 Ind. App. 118, 130 N. E. 2d 672, 26 A.L.R. 2d 675, is the case most in accord with the aforestated and accepted comments of Professor Prosser. The *Woolworth* case is one of many involving the duty of a storekeeper, which is admittedly not involved here, but the case is controlling as to the degree of knowledge required of an occupier. In *Woolworth* a woman was injured when a splinter became imbedded in her hip as she passed by a counter in the store. This court, in reversing the trial court's decision in the plaintiff's favor, stated:

"We are readily agreed that if the evidence, as heretofore set out, warrants an inference that a reasonable inspection of the counter in question would have disclosed its splintered condition in time to have enabled the appellant to have repaired it before the appellee was injured, the evidence sustains the verdict. There is no evidence, however, bearing on this question except the appellee's statement that she could have seen said splinter had she been looking for it. Palpably that statement is a mere conclusion as there is no evidence that the splinter protruded from the counter's edge or lay closely to the surface of the wood and was scarcely visible to the eye. Thus the jury had no basis for an inference that a reasonable inspection would have disclosed it. But granting that the appellee could have seen it had she looked there is not one iota of evidence from which the jury could have inferred as to how long it had been there as a basis for charging the appellant with constructive knowledge of its existence.

"It is fundamental that the burden of proving the appellant's negligence as charged in the complaint rested upon the appellee. Unless the *res ipsa loquitur* doctrine is applicable to the present facts, the mere happening of the accident and the presence of the splinter in the appellant's counter, which is all we have here, does not make a *prima facie* case for the appellee and thereby charge the appellant with the duty of going forward with the evidence in an endeavor to prove that the splintered condition of its counter was not due to its negligence. There is no case in Indiana in which *res ipsa loquitur* has specifically been held to

make a *prima facie* case for a customer injured because of the unsafe condition of the store premises into which he is impliedly invited for trade. In other jurisdictions it has been held that the doctrine has no application to store-keepers. (Citing authorities) We do not wish to be understood as holding *res ipsa loquitur* does not apply to store-keepers under any circumstances but we see no reason to apply the doctrine presently. The accident in controversy, according to common experience, was not so unlikely of occurrence, if due care had been exercised by the appellant, as to carry inherent probability of negligence on its part.

"Without *res ipsa loquitur* we have no proof of negligence on the part of the appellant. The evidence discloses nothing more than the presence of a splinter in the wooden framework of the appellant's greeting card counter and the happening of the accident. That, in our opinion, is not enough. *Before the appellant can be charged with a failure to perform its duty to the appellee there must be evidence in the record tending to prove, with its inferences, that the appellant had actual knowledge of the splintered condition of its counter a sufficient length of time to have repaired it before the accident, or to have warned the appellee of its condition, or that its condition, at the time of the accident, had existed for sufficient length of time that the appellant, in the exercise of reasonable care, should have discovered and repaired it before the accident.*" (Our emphasis)

The record now before us leaves no doubt as to the non-existence of actual knowledge of the defective stairs. The question is, therefore, was there sufficient evidence to establish constructive knowledge of the defect?

The stairway was constructed of "two by tens" nailed together and leaned against a "header board" at the top of the stairway. A "two by four" was placed against the stairway at the bottom of the stairs and nailed to the floor so as to prevent slippage. Appellee testified that the stairs were of a heavy construction, but that he saw only one nail in the stairway which had fallen to the basement with him. Appellant testified that she was not in the construction business nor did she know how temporary stairs were to be constructed. Both appellant and appellee testified that they had observed no defective condition in connection with the

temporary stairs. One J. L. Rogers, an employee of Arthur Ensign, the independent contractor retained to do the carpentry work on appellant's home, testified that the temporary stairs were properly installed. Further, the undisputed evidence shows the stairs to have been used without difficulty by numerous workmen over a period of several weeks.

In view of the foregoing factual summary we cannot say, as a matter of law, that the appellant, Ruth Broadhurst, had constructive knowledge of any defect in the temporary stairway. The first sign of any deficiency in the stairway was at the time of appellee's accident. The stairs had been in use prior to this time and there existed no reason to anticipate that the stairway was inadequate or defective. Further, appellant was without knowledge of whether or not the stairs were installed or constructed properly. There is no evidence tending to show that appellant could have discovered any defect, and even though a defect did eventually manifest itself, its character and duration, under the foregoing circumstances, is not enough to impose liability on appellant.

Judgment reversed with instructions to grant appellant's motion for a new trial. Costs to be taxed against appellee.

Hoffman, P.J., Sharp and White, JJ., concur.

NOTE.—Reported in 255 N. E. 2d 544.