Francis M. CURL, Plaintiff-Appellant,

v.

BETHLEHEM STEEL CORPORATION, Defendant-Appellee.

No. 3–177A3.

Court of Appeals of Indiana, Third District.

June 25, 1979.

Rehearing Denied Aug. 16, 1979.

David P. Stanton, Gary, for plaintiff-appellant.

Charles T. Clifford, Clifford, Houran, Hiller & Sullivan, Valparaiso, for defendant-appellee.

HOFFMAN, Judge.

Francis M. Curl filed suit against Bethlehem Steel Corporation to recover for personal injuries he sustained while working on the grounds of Bethlehem's plant in Portage, Indiana. After discovery, Bethlehem's motion for summary judgment was granted, and this appeal followed.

Curl argues that the court below erred by finding that Bethlehem owed him no duty to exercise reasonable care for his safety for the following reasons:

(1) that Bethlehem retained sufficient control of Universal's work so as to render it vicariously liable for the negligence of Universal under the doctrine of *respondent superior*;

(2) that even if Universal was indeed an independent contractor, Bethlehem should be held liable under an excep-

tion to the general rule of a contractee's nonliability; and

(3) that, independent of any rule imposing vicarious liability, Bethlehem owed a duty directly to him as a business invitee.

The record discloses that Curl was an employee of Universal Power Piping, Inc., a piping contractor which Bethlehem had hired to do work on a boiler system at Bethlehem's plant. On the day of the accident, Curl was assisting several fellow workers in their attempt to bring sections of pipe into the building where the boiler was being constructed. Because the pipe had to be dragged into the building onto a floor which was eight inches below ground level, a large amount of sand, gravel and slag had accumulated just inside the doorway over a period of three weeks. When Curl stepped over one section of pipe in order to push it into the building, he lost his footing in the accumulated debris and fell, violently twisting and breaking his leg.

█ Curl concedes that, in general, the employer of an independent contractor is not liable for the torts of that contractor (here, Universal's negligence in allowing the debris to accumulate). *See: Hale v. Peabody Coal Company* (1976), Ind.App., 343 N.E.2d 316, at 320–321; *Prest-O-Lite Co. v. Skeel* (1914), 182 Ind. 593, 106 N.E. 365. However, he maintains that Bethlehem exercised sufficient control over Universal so as to create a master-servant relationship, a relationship which renders the general rule inapplicable. In support of his argument, Curl draws this Court's attention to a number of provisions contained in the contract between Bethlehem and Universal which reserved to Bethlehem the right to change plans or specifications for the work, the right to require that a sufficient work force be employed, the right to approve or reject subcontracts, the right to regulate working hours and the right to regulate a number of other facets of the work. Yet none of these numerous contract terms gave to Bethlehem the right to control the actual method used by Universal to complete the work of installing the boiler pipe.

Absent such control, no master-servant relationship is created, for the control vested in the contractee must be of a greater degree than that which is usually reserved to all those who employ the labors of others. *Cummings v. Hoosier Marine Properties, Inc.* (1977), Ind.App., 363 N.E.2d 1266, at 1272. Consequently, the court below correctly concluded that, as a matter of law, Universal was an independent contractor, not a servant, and that Bethlehem could therefore not be liable for Universal's torts.

As a second theory upon which Bethlehem could be held liable, Curl argues that an exception to the general rule of nonliability exists where the acts to be performed under the contract "will probably cause injury to others unless due precaution is taken to avoid harm." *See: Hale v. Peabody Coal Company, supra*, 343 N.E.2d at 323; *Cummings v. Hoosier Marine Properties, Inc., supra*, 363 N.E.2d at 1274.

█ This Court, in *Cummings, supra*, explained that the focus of the exception relied upon by Curl is the character of the risk of harm which is peculiar to the specific activity being undertaken. 363 N.E.2d at 1275. It is only where the methods to be employed in doing the work or the particular surroundings in which the work is to be done are such as to present risks "recognizable in advance as calling for definite precautions" that the contractee may be held answerable for the failure to take such precautions. *Id.*

█ In the instant case it cannot be said, as a matter of law, that the risk of injury from slipping on debris accumulated during the course of the work was one which, *because of the nature of the activity of installing boiler pipe*, called for the taking of special precautions. Stated differently, such a risk of injury may have been a foreseeable one in a multitude of activities, but the mere fact that the installation of pipe was involved did not serve to make that risk an especially prominent one. Thus, the court below committed no error by refusing to hold Bethlehem liable under the exception argued by Curl.

Finally, Curl argues that, independent of any vicarious responsibility, Bethlehem breached its duty to him as a business invitee by failing to provide him with a safe place to work.[1]

A similar allegation was made by the appellant in *Cummings v. Hoosier Marine Properties, Inc., supra*, wherein this Court responded by quoting the rule announced in *Hoosier Cardinal Corp. v. Brizius* (1964), 136 Ind.App. 363, 199 N.E.2d 481:

> "The basis of liability of the inviter for failing to render the premises reasonably safe for the invitee must be predicated upon the superior knowledge of the inviter of the dangers of the premises." 136 Ind.App. at 377, 199 N.E.2d at 488.

Here, there is no basis for concluding that the inviter (Bethlehem) had superior knowledge of the condition of the floor on which Curl slipped and fell, sustaining his injuries. In fact, the record shows that the only persons working in the area where Curl was injured were employees of Universal. Accordingly, no basis existed for imposing liability on Bethlehem on this theory.

For all the foregoing reasons, the trial court's order granting summary judgment to Bethlehem must be affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.

---

1. In his brief to this Court, Curl argued this point under two separate headings. However, since only one issue was in fact presented, only one need be discussed.