Earl A. DOUGLASS and Carrie A. Douglass, Husband and Wife, Appellants (Plaintiffs Below),

v.

Floyd S. IRVIN, Appellee (Defendant Below).

No. 64S03–9001–CV–77.

Supreme Court of Indiana.

Jan. 29, 1990.

William S. Suarez, Portage, for appellants.

Ronald P. Kuker, Mark E. Schmidtke, Hoeppner Wagner & Evans, Valparaiso, for appellee.

DICKSON, Justice.

In this property-owner liability case, defendant-appellee Floyd S. Irvin seeks transfer following an adverse decision of the Court of Appeals reversing the grant of summary judgment in his favor. *Douglass v. Irvin* (1988), Ind.App., 531 N.E.2d 1214. We grant transfer, vacate the decision of the Court of Appeals, and affirm the grant of summary judgment.

In 1980, Irvin added a hot tub room to his house. There were two entrances to the room: french doors from the interior of the house and a sliding glass door from the outside patio. Between the patio door and the hot tub was a line of potted plants, the tops of which were approximately fourteen to sixteen inches high. Shortly after the hot tub room was completed, Irvin showed it to plaintiff-appellant Earl Douglass. On the evening of April 22, 1984, police officers investigated a burglar alarm at Irvin's house. After finding the patio door unlocked, the police officers contacted Douglass and asked that he join them. Douglass had been listed at the Sheriff's Department for many years as the person to call in the event Irvin's burglar alarm sounded and he was not available. Although Irvin had provided Douglass with a kitchen door key, Douglass arrived without the key. The police asked him to ascertain whether anything was taken and to turn off the alarm. The house was dark due to a power failure. Using the sliding patio door, one officer entered carrying a flashlight.

When Douglass followed, he apparently stumbled over a plant and fell into the floor-level hot tub, sustaining injuries.

In its order granting summary judgment, the trial court found that no duty was owed by Irvin. The Court of Appeals reversed, devoting considerable discussion to the "equal or superior knowledge" rule and concluding that summary judgment was inappropriate because the issue of duty involved a mixed question of law and disputed facts. On transfer, the defendant disputes the view of the Court of Appeals that the "equal or superior knowledge" rule is an exception to the duty owed by a landowner to an invitee. The defendant argues that the rule operates to require the plaintiff to provide proof of a landowner's superior knowledge before the duty of care is invoked.

■ We have long recognized that the tort of negligence is comprised of three elements: (1) a duty on the part of the defendant in relation to the plaintiff; (2) a breach of duty, that is, a failure on the part of the defendant to conform his conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff resulting from that failure. *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701. Generally, a landowner has a common law duty to exercise care to keep his property in a reasonably safe condition for business invitees. *Sowers v. Tri–County Telephone Co.* (1989), Ind., 546 N.E.2d 836; *Hammond v. Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821.

■ The question of whether a duty to exercise care arises is governed by the relationship of the parties and is an issue of law within the province of the court.[1] *Gariup Const. Co. v. Foster* (1988), Ind., 519 N.E.2d 1224; *Miller*, 261 Ind. 604, 308 N.E.2d 701; *Neal v. Home Builders, Inc.* (1953), 232 Ind. 160, 111 N.E.2d 280, *reh'g*

1. However, we recognize that implicit factual questions may require jury involvement. While it is clear that the trial court must determine if an existing relationship gives rise to a duty, it must also be noted that a factual question may be interwoven with the determination of the existence of a relationship, thus making the ultimate existence of a duty a mixed question of law and fact. This dichotomy presents a trial court with a difficult problem in the drafting of instructions. *Clyde E. Williams & Assoc. v. Boatman* (1978), 176 Ind.App. 430, 435, 375 N.E.2d 1138, 1141.

*denied,* 232 Ind. 207, 111 N.E.2d 713. If a duty of care exists, the determination of whether a breach of duty occurred is a factual question requiring an evaluation of the landowner's conduct with respect to the requisite standard of care. It is in this factual assessment that the issue of the landowner's and the invitee's comparative knowledge becomes relevant.

Varying approaches can be seen as courts have wrestled with the issue of a landowner's liability for harm to an invitee from risks known, or reasonably knowable, to an invitee. A substantial body of earlier cases precluded liability for unsafe conditions of land unless the owner or possessor had knowledge thereof superior to that of the invitee. *See generally* 62 Am.Jur.2d, *Premises Liability* §§ 68–71 (1972); Annotation, *Modern Status of the Rule Absolving a Possessor of Land of Liability to Those Coming Thereon for Harm Caused by Dangerous Physical Conditions of Which the Injured Party Knew and Realized the Risk,* 35 A.L.R.3d 230 (1971). However, the presently prevailing view departs from this absolute rule and is expressed in Sections 343 and 343 A(1) of the Restatement (Second) of Torts (1965):

Section 343

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) *should expect that they will not discover or realize the danger, or will fail to protect themselves against it,* and (c) fails to exercise reasonable care to protect them against the danger. [emphasis added]

Section 343 A

(1) A possessor of land is not liable to his invitees for physical harm caused to them by an activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.* [emphasis added]

*See also* Prosser, *Handbook of the Law of Torts* § 61, at 393–95 (4th ed. 1971). This Court has recently held that the duty of a commercial business toward its customers is "not extinguished by the knowledge of its customers concerning potential risks on the premises." *Get–N–Go, Inc. v. Markins* (1989), Ind., 544 N.E.2d 484, 487.

■ While the comparative knowledge of landowner and invitee is not a factor in assessing whether the duty exists, it is properly taken into consideration in determining whether such a duty was breached. Separate evidence of disparate knowledge is not required to prove the existence of duty. However, facts showing only that a landowner knows of a condition involving a risk of harm to an invitee, but could reasonably expect the invitee to discover, realize, and avoid such risk, may be insufficient to prove breach of the duty.

■ For purposes of analysis of breach of duty, a landowner's knowledge is evaluated by an objective standard. This is in contrast to the determination of the defense of incurred risk, wherein the invitee's mental state of venturousness (knowledge, appreciation, and voluntary acceptance of the risk) demands a subjective analysis of actual knowledge. *Beckett v. Clinton Prairie School Corp.* (1987), Ind., 504 N.E.2d 552; *Power v. Brodie* (1984), Ind. App., 460 N.E.2d 1241; *Kroger Co. v. Haun* (1978), 177 Ind.App. 403, 379 N.E.2d 1004. Thus, factual circumstances may exist in which a court may find that a landowner's failure to take precautions or to warn may constitute a breach of duty because it was reasonably foreseeable that the invitee could suffer harm despite knowledge or obviousness of the risk, and at the same time find that an invitee had actual knowledge and appreciation of the specific risks involved and voluntarily accepted that risk, thus establishing the defense of incurred risk.

■ In the present case, the focus of the Court of Appeals and the parties upon the so-called "equal or superior knowledge" rule results from a series of cases that misinterpreted imprecise language from an earlier decision of the Court of Appeals.

Citing *Wingett v. Teledyne Indus., Inc.* (1985) Ind., 479 N.E.2d 51, the defendant argues that, even assuming *arguendo* that Douglass was an invitee, a landowner's duty arises only on proof of his superior knowledge of the relevant dangers, and that absent such proof, there is no duty even to an invitee. The defendant's argument finds support in some of the language included in cases such as *Wingett* and *Curl v. Bethlehem Steel Corp.* (1979), 181 Ind. App. 132, 390 N.E.2d 709.

Each of these cases applies language appearing in *Hoosier Cardinal Corp. v. Brizius* (1964), 136 Ind.App. 363, 199 N.E.2d 481. The quoted *Brizius* language was not intended to create any "superior or equal knowledge" rule, but rather merely to explain the policy rationale supporting the imposition upon property owners of the duty to use reasonable care for invitees. The applicable paragraph in *Brizius* states:

> In general statement, the accepted rule is expressed that the duty to exercise care to keep the property in a reasonably safe condition for invitees or business visitors thereon is coextensive with the invitation. 21 I.L.E., Negligence, § 34, p. 291; C.J.S., Negligence, § 46, p. 535. The general statement just referred to encompasses the attending considerations that the duty of the inviter, and his corresponding liability for breach of duty, depends upon the circumstances surrounding the invitation, including the character of the premises the invitee is invited to use, the nature of the invitation, the conditions under which it is extended, and the use of the premises to be made by the invitee. 38 Am.Jur., Negligence, § 96, p. 756. The basis of liability of the inviter for failing to render the premises reasonably safe for the invitee must be predicated upon the superior knowledge of the inviter of the dangers of the premises. 38 Am.Jur., Negligence, § 185, p. 862.

*Brizius*, 136 Ind.App. at 376–77, 199 N.E.2d at 487–88. Significantly, the *Brizius* court, upon discussion of the invitee's full knowledge of the risk, did not find any lack of *duty*, but rather insufficient evidence of *breach* of duty. Misplaced reliance upon *Brizius* has resulted in inaccurate use of an "equal or superior knowledge" rule in the determination of the existence of a landowner's duty to invitees. The results reached in *Wingett* and *Curl*, however, remain valid because, as in *Brizius*, the evidence failed to show breach of duty. To the extent language in prior cases may be read to create an independent "equal or superior knowledge" rule as a prerequisite element of or limitation upon the existence of a landowner's duty of care, such cases are hereby overruled.

 Notwithstanding the trial court's erroneous finding of "no duty" we hold that the entry of summary judgment was proper because of the absence of any genuine issue of fact regarding breach of duty. On appellate review a trial court's judgment may be affirmed even if sustainable on grounds different from those reflected in the trial court's findings. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154. Viewing the facts and inferences most favorable to Douglass, we find them inadequate to present a triable issue of fact as to whether Irvin breached his duty of reasonable care.

The evidence does not support a reasonable inference that Irvin should have: a) expected Douglass to fail to discover, realize, or avoid the danger; or b) anticipated the harm despite Douglass's knowledge and awareness. There is no evidence that Irvin knew or should have known that Douglass would enter his home by a patio door and in relative darkness. Irvin had provided Douglass only with a kitchen door key. Irvin was not reasonably required to expect Douglass to forget the key and enter elsewhere. Douglass had never used the patio door. Irvin cannot reasonably be required to have foreseen such circumstances.

Thus, while we conclude that the trial court erroneously found that the defendant did not owe any duty to the plaintiff as an invitee, we agree with the trial court's grant of summary judgment because we find an absence of a genuine factual issue as to breach of duty.

The petition to transfer is granted, and the entry of summary judgment for the defendant is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.