## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 17 2017, 7:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce P. Clark
Bruce P. Clark & Associates
Saint John, Indiana

APPELLEE PRO SE

Ronald E. Smith
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steak 'n Shake No. 315,
*Appellant-Defendant,*

v.

Ronald E. Smith,
*Appellee-Plaintiff*

February 17, 2017

Court of Appeals Case No.
02A03-1604-SC-890

Appeal from the Allen Superior Court, Small Claims Division

The Honorable Brian D. Cook, Magistrate

Trial Court Cause No.
02D01-1507-SC-11221

**Mathias, Judge.**

[1]     This is an appeal from a $250 judgment won by Ronald E. Smith ("Smith") from Steak 'n Shake No. 315 ("the Restaurant") in the small claims division of Allen Superior Court. The Restaurant argues the evidence was insufficient to sustain judgment in Smith's favor.

[2] We affirm.

## Facts and Procedural Posture

[3] On July 6, 2015, Smith visited the Restaurant in Fort Wayne, Indiana. There, Smith used the restroom. The restroom had a paper towel dispenser and a metal trash can mounted as one unit to the wall. As he was washing up, Smith tried to draw a paper towel from the dispenser, but the trash can came loose and fell, striking him on the leg. Smith suffered bleeding and bruising but did not see a doctor.

[4] On July 20, 2015, Smith filed a notice of claim in the small claims division of Allen Superior Court, seeking $6,000 damages. A bench trial was set for August 31, 2015. Smith proceeded pro se; a week before the trial date, the Restaurant retained a local law firm. On the Restaurant's motion, trial was continued, and the magistrate permitted limited discovery by the Restaurant from Smith.

[5] On November 16, 2015, a bench trial was held. Smith testified that, on July 6, 2015, one of the Restaurant's employees told him that Restaurant employees knew the trash can's locking or latching mechanism was broken. "The [c]ourt found th[is] testimony to be very credible." Appellant's App. p. 22. After the close of evidence, the Restaurant's lawyer asked the court to hold the case under advisement for sixty days while the parties discussed settlement. The court agreed.

[6] After sixty days and no news, court staff called the lawyer's firm to ask for an update. The call was not returned. A second call to the firm was returned, but

the lawyer no longer worked there. On February 10, 2016, the court entered a $250 judgment in favor of Smith. Notice of the judgment was inadvertently sent to the Restaurant directly rather than to counsel, who did not receive the notice until March 21, 2016.

[7] On April 20, 2016, the Restaurant moved to set aside the judgment and for an extension of time to appeal. *See* Ind. Trial Rule 72(E) ("When the service [on a party under T.R. 5(B)] of a copy of the entry [of judgment] by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such . . . judgment to any party who was without actual notice [of the judgment] . . . ."). The court denied the motion to set aside, but, forthrightly acknowledging its mistaken service on the Restaurant, granted the motion for an extension. Appellant's App. p. 22. This newly timely appeal followed.

## Standard of Review

[8] We review judgments following a bench trial for clear error. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067 (Ind. 2006). We neither reweigh the evidence nor re-evaluate witness credibility. *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995). Rather, we view the facts and the reasonable inferences from them in the light most favorable to the judgment below. *Id.* If a reasonable trier of fact could have found for the appellee by a preponderance of the evidence, we affirm. *Id.* Appellate deference "is particularly important in

small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." *Fang*, 848 N.E.2d at 1067-68 (internal citation and quotation omitted). We review the trial court's legal conclusions de novo. *Id.* at 1068.

Smith has filed no brief. Because we will not undertake to argue on his behalf, we will reverse on a showing of prima facie error under the standard set out above, that is, error apparent "at first sight, on first appearance, or on the face of it." *Id.*

## Discussion and Decision

An owner or occupier of real property has a duty to business invitees to keep the property in a reasonably safe condition, *Douglass v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990), or, put differently, to exercise reasonable care for invitees' protection. *Harradon v. Schlamadinger*, 913 N.E.2d 297, 300-01 (Ind. Ct. App. 2009), *trans. denied*. Breach of this duty subjects the owner to liability for injuries to invitees foreseeably caused by it. *Id.*

If plaintiff invitee's injuries were allegedly caused by an unsafe condition on defendant owner's property, the plaintiff must show the defendant's actual or constructive knowledge of the condition to prove negligent breach by failure to remedy or warn of it. *Id.* Further, a plaintiff's showing of breach may be defeated by evidence that the unsafe condition was obvious, and that the defendant reasonably expected the plaintiff to discover, realize, and avoid the danger posed by it. *Douglass v. Irvin*, 549 N.E.2d 368, 370 (Ind. 1990).

[12] Here, we find sufficient evidence to sustain judgment in favor of Smith. The Restaurant owed Smith a duty as a business invitee to exercise reasonable care for his safety. In the context of a wall-mounted unit, a broken locking or latching mechanism creates the foreseeable risk that the unit will fall off the wall when used and injure its user. *See* Appellant's App. p. 8 (trial court found same). Smith testified, and the trial court found credible, *id.* p. 22, that the Restaurant's employees had actual knowledge of the defective mechanism on July 6, 2015. No record evidence tends to show that such a defect would be obvious to an ordinary user of the dispenser and trash can, nor that the Restaurant reasonably expected its customer invitees to discover, realize, and avoid the danger posed by it.

[13] In short, a reasonable trier of fact could have found that the Restaurant owed a duty to Smith to keep its property safe for his use; the Restaurant negligently breached that duty by failing to remedy or warn of a defect of which it had actual knowledge; and the Restaurant's breach foreseeably caused the trash can to become unmounted and fall when the unit was used, striking Smith, injuring him, and causing him damages in the amount of $250.

[14] The Restaurant argues that Smith "failed to present any evidence" that it had actual or constructive knowledge of the defect, Appellant's Br. p. 6, but this is not so. Appellant's App. p. 22 (trial court found actual knowledge on basis of Smith's testimony). The Restaurant argues further that it presented contrary evidence, Appellant's Br. p. 6, but we have no record of it, and in any event the trial court was free to discredit it. The Restaurant argues further that the danger

created by the defect was not foreseeable, *id.* p. 10, but offers us no evidence from which to conclude that the trial court's contrary finding was clearly erroneous. Finally, the Restaurant argues that "it was just as, if not more likely," that Smith caused his own injuries, *id.*, but this is mere speculation we will not entertain. The Restaurant makes no argument as to damages.

## Conclusion

For the above reasons, the judgment below is affirmed.

Affirmed.


Baker, J., and Pyle, J., concur.