## TIMMONDS *v.* TWOMEY ET AL.

[No. 19,999.   Filed February 19, 1903.]

APPEAL AND ERROR.—*Evidence.*—*Record.*—Where appellant, who on June 23 was given sixty days to file his general bill of exceptions, filed the reporter's transcript of the evidence which was not certified by the judge until September 25, and was refiled October 20, the evidence is not properly in the record.  *p. 124.*

SAME.—*Instructions.*—*Record.*—*Evidence.*—Where a special bill of exceptions containing instructions given and refused does not show that it contained all of the instructions given, and the evidence is not in the record, the instructions can not be considered.  *p. 124.*

SAME.— *Trial.*—*Misconduct of Jury.*—*New Trial.*—*Record.*—Alleged misconduct of the jury brought to the attention of the trial court

by affidavits filed in support of a motion for a new trial can not be considered on appeal where the affidavits are not made a part of the record. *p. 124.*

From Floyd Circuit Court; *W. C. Utz*, Judge.

Action by Richard H. Timmonds against Walter L. Twomey and wife. From a judgment in favor of defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*L. A. Douglass* and *H. W. Phipps*, for appellant.
*F. M. Mayfield* and *M. Z. Stannard*, for appellees.

GILLETT, J.—This action was instituted by appellant against appellees. A trial resulted in a verdict and judgment for appellees. On June 23, 1900, appellant was given sixty days in which to prepare and file his general bill of exceptions. On August 20, 1900, the reporter's transcript of the evidence was filed in the office of the clerk of the Floyd Circuit Court. The transcript was certified by the judge of said court September 25, 1900, and was refiled in the office of said clerk, October 20, 1900. The evidence is not in the record. *Adams* v. *State,* 156 Ind. 596. There was a special bill of exceptions filed containing instructions given and refused, but it is not shown that the instructions given were all of the instructions that the court gave. In view of this fact, and that the evidence is not before us, we can not consider the questions argued by appellant's counsel with reference to the instructions.

Complaint is made that the jury was guilty of misconduct. The matter of the alleged misconduct of the jury was brought to the attention of the trial court by affidavits filed in support of the motion for a new trial, but these affidavits were not made a part of the record. No further question remains.

Judgment affirmed.