## MITCHELL v. GODSEY.

[No. 16,502. Filed March 25, 1941. Rehearing denied May 27, 1941. Transfer denied October 6, 1941.]

*L. Russell Newgent* and *John H. Baldwin,* both of Indianapolis, for appellant.

*Joseph M. Howard, O. P. Kensinger,* and *Wesley T. Wilson,* all of Indianapolis, for appellee.

CURTIS, C. J.—This was an action for damages by the appellee against the appellant, based upon an alleged assault and battery. The complaint was in one paragraph, to which the appellant filed his answer in two paragraphs; the first being a general denial and the second being based upon the theory of self-defense. To the said second paragraph, the appellee filed a reply in general denial. Upon the issues thus formed, the case was tried before a jury, resulting in a verdict for the appellee against the appellant in the sum of $1,500.00. Judgment was rendered in accordance with the verdict. From the judgment so rendered, this appeal is prosecuted; the error assigned being the ruling on the appellant's motion for a new trial that had been seasonably filed.

The causes or grounds of the motion for a new trial may be summarized as follows: That the court erred in refusing to give to the jury each of seven instructions tendered by the appellant; that the court erred in giving each of its own instructions numbered 1 to 12 inclusive; that the verdict of the jury is not sustained by sufficient evidence and is contrary to law and that the damages assessed by the jury are excessive. The only causes or grounds of the motion that are brought forward and discussed under Propositions, Points and Authorities in the appellant's brief are that the court erred in refusing to give each of the seven instructions tendered by the appellant; alleged error in the giving of each of instructions numbered 2, 3, 5, and 8 of the court's own instructions. It is needless to say that all other causes or grounds of the motion are thereby waived.

The appellant's main point, addressed to the refusal of the trial court to give each of the 7 instructions tendered by the appellant, is that the appellant

 was entitled to have the jury instructed as to the theory of the appellant's defense set up in his second paragraph of answer, to wit, self-defense, it being further contended that there was evidence under that issue which the jury should consider under proper instructions. The rule applicable has been well stated by this court in the case of *Acme-Evans Co.* v. *Schnepf* (1938), 105 Ind. App. 475, 15 N. E. (2d) 742, as follows: "A party litigant, either plaintiff or defendant, is entitled to have the jury instructed upon its theory of the case, if supported by some evidence and within the issues tendered." See also *Acme-Evans Co.* v. *Schnepf* (1938), 214 Ind. 394, 14 N. E. (2d) 561, and the cases there cited. We are in full accord with the law as announced in the above cases, but a careful examination of the instructions in the instant case, particularly instruction number 8, convinces us that the jury was sufficiently instructed, by the other instructions given, as to the law applicable to the appellant's defense. The rule is that where tendered instructions are covered by other instructions given there is no reversible error in the refusal to give them even though they do contain a correct statement of the law. See: *Union Traction Co.* v. *Alstadt* (1924), 195 Ind. 389, 143 N. E. 879, and cases cited therein.

Said instruction number 8 given by the court was as follows:

"In this case if you find from the evidence that the defendant, Louis H. Mitchell, did strike the plaintiff as alleged in the complaint and you further find that in so doing the said defendant, Mitchell, at the time acted as a reasonably prudent person would have acted under the existing circumstances and appearances, and reasonably and honestly believed that he was in danger of being assaulted by the plaintiff, then and in said event, defendant could use such force as was reasonably necessary

for his protection at said time without being liable in damages for the consequences thereof."

Complaint is also made in the appellant's brief that, contrary to the request of the appellant for written instructions, the court in its instruction number 2, at the places marked (H. I.), gave oral instructions supplementing said instruction. We now quote said instruction number 2:

"The plaintiff by his action seeks to recover damages from the defendant for injuries which he alleges were sustained as the result of an assault and battery upon his person by the defendant as charged in the complaint, which in substance is as follows: (H. I.)

"To this complaint the defendant has filed an answer in general denial denying each and every material allegation contained therein, and a second paragraph of answer setting up the defense of justification, which, in substance is as follows: (H. I.)

"To the second paragraph of answer, the plaintiff filed a reply in general denial denying each and every material allegation contained therein.

"Thus are formed the issues which it is your duty to try and to determine."

But the appellee points out that the record does not show, and that the appellant does not show that the trial court instructed the jury orally by supplementing said instruction number 2 at the places marked (H. I.) as contended for by the appellant. In the absence of such a showing, this court will presume that the instruction was given as written. See: *Timmonds* v. *Twomey* (1903), 160 Ind. 123, 66 N. E. 446. We do not think that there is any showing that the mere use of the initials (H. I.) in the said instruction harmed the appellant. See *Midland R. Co.* v. *Trissal* (1902), 30 Ind. App. 77, 65 N. E. 543. The instruction as given, would, at most, be incomplete. Had the appellant de-

sired the instruction to be more complete, he should have made a timely request in that respect and tendered a more complete instruction himself.

It is next insisted by the appellant that said instruction number 8 is an erroneous statement of the law of self-defense. When this instruction is considered, together with all of the other instructions given in the case, as it must be, we do not believe the jury was misled as to such a defense. Besides, the appellant's tendered instruction number 2 contained practically the equivalent of the expression criticized in said instruction 8. If, for the sake of argument, it would be assumed that there was error in said instruction number 8, it can also be said that such alleged error was invited by the appellant. He, therefore, is in no position to complain. His main contention is that the challenged instructions set up as a measure of conduct an ideal or perfect man. We do not so construe the instructions, especially when they are viewed as a whole.

The evidence was such, as the jury could reasonably believe, that: the appellant bought his residence from one William Goodman, and, at the time of such purchase, Goodman had a stand of bees on the premises. As the bees could not be safely moved at that time because of the warm weather, the appellant consented for Goodman to leave the bees there until it was convenient to move them.

A little later Goodman notified the appellant that he had arranged for Claude Orff, who had formerly cared for the bees, to get them and that when he came and made himself known, the appellant was to let him get the bees, which were kept in the rear of the premises. Orff arranged with the appellee to go with him to get the bees. It was necessary to wait until the bees re-

turned to the hive at dusk before attempting to move them.

Leading into the appellant's premises was a driveway that ran back to a garage in the rear of the lot. It was Orff's intention to drive his car into this driveway, as had been his habit when visiting the former owner, and stop at the house to make himself known to the appellant. Prior to Orff's arrival, the appellant had set his garbage can in the middle of the driveway, near the street, thus inadvertently blocking the entrance to the driveway.

As Orff and the appellee arrived, and turned their car into this driveway, Orff, who was driving, saw the garbage can in the path of the car and asked the appellee to move it. Appellee moved the can to the edge of the driveway and had scarcely set it down when he was confronted by the appellant, who accused him of trespassing. Appellee denied any intention of trespassing, and informed the appellant that he had only moved the can out of the path of the car; but the appellant, who claims to have been unable to hear what was said, ordered him to put it back. This the appellee did, and the appellant thereupon ordered him to leave the premises.

There is some slight disagreement as to what occurred afterward. Appellee claims to have retreated to the public sidewalk, while the appellant claims that he remained on his premises until knocked off. Appellee then asked appellant, "to speak to Mr. Orff," whose name, as stated above, had previously been given to the appellant as the name of the man who would call for the bees. Appellant replied, "The hell with Orff."

It is not seriously disputed that appellee made no threats against the appellant, that there was no hostile expression upon his face, and that his fists were neither

clenched nor raised. The appellee was an elderly, grey-haired man, wearing glasses.

Appellant thereupon struck appellee at least two hard blows in the face, breaking the spectacle lens over his right eye and driving the shattered glass into the eye. The first blow staggered appellee and the second knocked him down upon the fender of the car. Appellee claims that, as he attempted to raise himself up off the fender, appellant struck him again, knocking him down between the radiator and front bumper; but appellant denies striking more than two blows.

Later, because of this incident, the appellant was arrested for assault and battery, tried and convicted in the Municipal Court of Marion County, and fined.

There is no dispute as to the nature and extent of the injuries inflicted upon appellee by appellant in this attack. Among other things, he completely and permanently lost the sight of his right eye, leaving it only the power to detect the presence or absence of light.

Briefly stated, the evidence was such that the jury could reasonably conclude that the assault and battery upon the appellee was wholly unjustified and that it went far beyond any law of self-defense. One eyewitness testified that: "Before I did get away I shamed Mr. Mitchell for hitting an old man and taking advantage of him. It was the most brutal thing I ever seen happen. Mr. Godsey did not know what he was getting into. His lip was cut open here until I could lay my finger in it. His tooth was knocked out and his eye was cut right down like this (indicating) and when I went around and picked Mr. Godsey up, pulled him out from off the bumper of the machine, the rim of his glasses was down in the eye. I pulled them out." It is to be noted that the appellant, while challenging the

amount of the verdict in his motion for a new trial, makes no attempt in his brief to present that point.

With the evidence as above indicated, we conclude that the verdict is sustained by sufficient evidence and is not contrary to law and that the jury was not in any manner misled by the instructions. From our examination of the whole record, we conclude that the merits of the cause have been fairly tried and determined in the court below; and this is an additional reason for our conclusion to affirm the judgment. See § 2-3231, Burns' 1933.

Judgment affirmed.

NOTE.—Reported in 32 N. E. (2d) 745.