**Rocky CAMPBELL, Jesse Parker, Marilyn Johnson and Carolyn Willis, Appellants–Plaintiffs,**

**v.**

**CRITERION GROUP, El Dee Apartments, and Criterion Construction, Defendants–Appellees.**

**No. 29A02–9103–CV–140.**

Court of Appeals of Indiana, Second District.

May 10, 1993.

Alan K. Mills, Lester H. Cohen, Barnes & Thornburg, Indianapolis, for appellants-plaintiffs.

Michael E. Simmons, Andrea R. Reed, Hume, Smith, Geddes & Green, Dean T. Barnhard, Michael S. Wallack, Klineman, Rose, Wolf & Wallack, Indianapolis, for defendants-appellees.

BAKER, Judge.

The early stages of this litigation witnessed the apparent defeat of plaintiff-appellants Rocky Campbell, Jessie Parker, and Marilyn Johnson following the trial court's grant of summary judgment against them and its refusal to allow them to appeal the summary judgment as indigents. The later stages saw plaintiff-ap-

pellant Carolyn Willis suffer an entry of dismissal. All rallied, however, when our supreme court held Indiana civil litigants have the right to appeal *in forma pauperis* upon a showing of indigency. *Campbell v. Criterion Group* (1992), Ind., 605 N.E.2d 150. Exercising their hard-won right, Campbell, Parker, Johnson, and Willis now appeal the summary judgment and the dismissal. Campbell alone survives.

## FACTS AND PROCEDURAL HISTORY

On August 29, 1986, children playing with matches started a fire that destroyed much of the federally-subsidized El Dee apartments on East 12th Street in Indianapolis. Believing the apartments unsafe, both defendant-appellee El Dee, the landlord, and defendant-appellee Criterion Group, the property manager, refused to allow the residents to re-enter their damaged apartments until the residents signed general releases relieving El Dee and Criterion Group from any liability occasioned by the residents' re-entry. The residents signed the releases, entered their apartments, and discovered their personal property was not just damaged, but missing entirely.

On August 29, 1988, Campbell, Parker, Johnson, Willis, and eleven other plaintiffs filed a complaint alleging negligence and conversion against three separate defendants: El Dee, Criterion Group, and defendant-appellee Criterion Construction. Criterion Construction was responsible for cleaning up and rebuilding after the fire. Of the fifteen plaintiffs, all but Rocky Campbell, who was living with Jesse Parker, had entered lease agreements. More specifically, the plaintiffs' complaint alleged the defendants "improperly stored and/or removed" the plaintiffs' "personal effects," "wrongfully failed to return plaintiffs' personal belongings ... thereby converting such property," and "were negligent in the commission of waste of the plaintiffs' property." *Record* at 17.

El Dee and Criterion Group filed an answer denying they took possession or disposed of the plaintiffs' belongings. They then produced the releases the residents had signed; it turns out that not only did the residents release El Dee and Criterion Group from liability occasioned by the residents' re-entry into the damaged apartments, but paragraph (c) of the release also "[a]cknowledge[d] that (i) Landlord and/or Criterion [Group] have no responsibility nor obligation to account to me for any property or effects which I have had, now have or may in the future have located within the Unit or at El Dee Apartments[.]" *Record* at 37. Based on paragraph (c), El Dee and Criterion Group filed a counterclaim for indemnity. Of the fifteen plaintiffs, only three did not sign the release: Rocky Campbell, Bonnie Hampton, and Marita Felder.

On December 29, 1988, El Dee and Criterion Group moved for summary judgment, which Criterion Construction later joined. El Dee and Criterion Group supported their motion at the September 27, 1989 summary judgment hearing with copies of the release most of the plaintiffs had signed and with the affidavit of Lorraine Quash, an apartment manager, which, among other things, declared that neither El Dee nor Criterion Group had anything to do with the missing personal property. Criterion Construction did not attend the summary judgment hearing.

In response to El Dee's and Criterion Group's materials, Campbell, Parker, Johnson, and Willis moved the trial court to publish six depositions which are said to have supported their allegations of negligence and conversion. El Dee and Criterion Group objected to the motion for publication on the basis that no material could be presented at the summary judgment hearing which had not been presented to the trial court at least one day before the summary judgment hearing. The trial court sustained the objection to the motion for publication and flatly refused to consider the depositions in any way. Campbell, Parker, Johnson, and Willis offered nothing else to support their argument that summary judgment was inappropriate. On October 5, 1989, the trial court entered summary judgment in favor of El Dee and Criterion Group, but against only five of

the fifteen plaintiffs: Rocky Campbell, Jessie Parker, Norma Downs, Marilyn Johnson, and Teresa Russ. The trial court did not enter summary judgment in favor of Criterion Construction as against any plaintiff and did not enter summary judgment against appellant Willis at all.

In May of 1990, the two plaintiffs who had not signed the release, Hampton and Felder, settled with El Dee and Criterion Group and agreed to dismiss their claims with prejudice. Counsel for El Dee and Criterion Group mistakenly prepared and submitted an order dismissing all remaining plaintiffs as to El Dee and Criterion Group, rather than just Hampton and Felder. The trial court approved the mistaken order dismissing the remaining plaintiffs on May 15, 1990. Thus, as of May 15, 1990, no plaintiff's claim remained as to El Dee and Criterion Group. On the other hand, all fifteen retained claims against Criterion Construction.

In July of 1990, after learning of the mistake, Campbell, Parker, and Johnson filed an Ind.Trial Rule 60(A) motion for relief from the order of dismissal. The trial court granted this motion to reflect the parties' intent that only Hampton and Felder be dismissed, and then only with respect to El Dee and Criterion Group. The trial court also granted Campbell's, Parker's, and Johnson's request to amend their complaint to allege the general releases were unenforceable under federal housing regulations. Oral argument on all pending motions was held October 12, 1990.

Final word came from the trial court on January 7, 1991. Among other things, the trial court's order of that day 1) vacated and revoked the trial court's earlier order allowing amendment of the complaint, 2) vacated and revoked the order allowing modification of the May 15, 1990 judgment of dismissal, and 3) *nunc pro tunc* held that the May 15, 1990 order of dismissal "constituted a full and final adjudication and/or conclusion of all matters and proceedings presented[.]" *Record* at 245–47.

Campbell, Parker, and Johnson, appeal the grant of summary judgment entered against them. Willis appeals the order revoking the order allowing modification of the May 15, 1990 order dismissing her claim. Criterion Construction cross appeals the trial court's failure to grant it summary judgment. The parties present four topics for our consideration: the timeliness of this appeal, the trial court's refusal to publish the six depositions, and both Criterion Construction's and Carolyn Willis's role.[1]

## DISCUSSION AND DECISION

### Timeliness of Appeal

El Dee, Criterion Group, and Criterion Construction contend the May 15, 1990 order represented a final conclusion to the litigation and that the praecipe, filed February 6, 1991, was many months late. Campbell, Parker, Johnson, and Willis contend the May 15, 1990 order was not final. No party contends the October 5, 1989 order granting summary judgment was final.

A party may take an appeal from all final judgments and certain interlocutory orders. *See* Ind.Appellate Rule 4. In order to appeal, a party must file a praecipe within thirty days of the entry of final judgment or appealable final order. Ind.Appellate Rule 2(A). The failure to file in a timely manner is a jurisdictional failure which will generally result in the appeal's dismissal. *Tancos v. A.W., Inc.* (1986), Ind. App., 502 N.E.2d 109, *trans. denied.* Under Ind.Trial Rule 54(B),

> A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

makes the enforceability issue moot.

---

1. The parties also contest the effect of the general release, but our disposition of the appeal

■ Here, the May 15, 1990 order dismissed the remaining plaintiffs' claims against El Dee and Criterion Group, but not against Criterion Construction, the trial court did not expressly determine, in writing, that there is no just reason for delay, and the trial court did not expressly direct entry of judgment. It follows that the May 15, 1990 order was not final and did not require initiation of an appeal within thirty days.

Criterion Construction contends it did not participate in the litigation because very early on it and plaintiffs' counsel agreed it would be dismissed. Given that it was not a defendant, it argues, the May 15, 1990 order constituted a final judgment because the order finalized all remaining claims as to all remaining defendants. Although there is evidence supporting the contention that the parties agreed to dismiss Criterion Construction, the trial court's records do not contain a stipulation dismissing Criterion Construction and no party suggests one was filed. Neither did the trial court name Criterion Construction when it ordered summary judgment or when it dismissed the remaining plaintiffs' claims.

■ For all appearances, then, Criterion Construction officially remained in the litigation as a defendant, alleged agreements to the contrary notwithstanding. When a judgment is not entered for or against a party and we would have to speculate as to what issues the trial court had or had not decided with respect to that party, we have an insufficient basis on which to consider an issue intelligently and must refuse to review. *See Starke Memorial Hospital v. Todd Equipment Leasing Co.* (1975), 166 Ind.App. 103, 333 N.E.2d 925; *Soft Water Util., Inc. v. LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745 (thirty day filing requirement of Ind.App.R. 2 is predicated upon adequate notice of the judgment at trial before an appeal may be forfeited); 17 I.L.E. *Judgment* § 32 (1959) (a judgment must designate the parties for and against whom it is rendered lest it be void for uncertainty, but there is no need to specifically designate parties by name when the record leaves no doubt as to the parties for or against whom judgment was rendered). In other words, a party may not appeal a final judgment or appealable order unless the record conclusively demonstrates a final judgment or appealable order has been entered. *See* T.R. 54; Ind. App.R. 4. Because the trial court's records show Criterion Construction continued to be a defendant and was not granted judgment, we must again reject the argument that the May 15, 1990 order was a final judgment. On the other hand, it is undisputed the trial court's order of January 7, 1991, did constitute a final adjudication. The praecipe, filed February 6, 1991, was timely, and as a result, we have authority to consider the appeal. *Bailey v. Sullivan* (1992), Ind., 432 N.E.2d 75.

### Standard of Review

The purpose of summary judgment, of course, is to resolve quickly and inexpensively those disputes in which no genuine issues of material fact exist and in which one party is entitled to judgment as a matter of law. *See* Ind.Trial Rule 1; Ind.Trial Rule 56. The party moving for summary judgment bears the burden of making a prima facie showing of the non-existence of a genuine issue of material fact. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190. Once the movant fulfills this requirement, the burden shifts to the party opposing the motion to set forth specific facts showing the existence of a genuine issue for trial after all. *Id.;* T.R. 56(E).

■ On appeal from the grant of summary judgment, we face the same issues the trial court faced and we apply the same legal analysis. We are required to scrutinize the trial court's determination carefully in order to assure the non-prevailing party is not improperly denied its day in court. *Oelling, supra,* at 190. We view the evidence and resolve all doubts about the existence of a genuine issue of material fact in the light most favorable to the non-moving party. "Even if the trial court believes the nonmoving party will not be successful at trial, where material facts conflict or conflicting inferences are possible from undisputed facts, summary judgment should not be entered." *Grimm v.*

*F.D. Borkholder Co., Inc.* (1983), Ind.App., 454 N.E.2d 84, 86. "On appeal, however, the party which lost in the trial court has the burden to persuade the appellate tribunal that the trial court's decision was erroneous." *Oelling, supra,* at 190.

### The Six Depositions
### A. Publication

As movant, El Dee, Criterion Group, and Criterion Construction bore the burden of establishing the propriety of their summary judgment motion. Parties advancing or opposing a summary judgment motion may support their position with admissible affidavits, depositions, or other materials; the non-moving party may not simply rest on allegations or denials contained within its pleadings. T.R. 56(E). El Dee and Criterion Group met their initial burden by submitting both the releases and Lorraine Quash's affidavit, which averred that neither El Dee nor Criterion Group took, disposed of, or assumed any role over any tenant's property. The burden then shifted to Campbell, Parker, Johnson, Willis, and the other eleven plaintiffs "to set forth specific facts showing that there is a genuine issue for trial." *Id.*

■ Campbell, Parker, Johnson, Willis, and company tried to rely on six depositions to show the defendants would not give them access to their apartments, misrepresented the contents and effect of the release, obtained the signatures to the release under circumstances of economic duress, and negligently and intentionally injured their personal property. El Dee and

Criterion Group objected to the depositions on the grounds that they had not been filed at least one day prior to the summary judgment hearing. The trial court sustained the objection and refused to publish the depositions. This was error.

■ Although a court may not consider depositions that have not been properly published, *Augustine v. First Federal Savings & Loan Ass'n of Gary* (1979), 270 Ind. 238, 241, 384 N.E.2d 1018, 1020, a trial court "does not have discretion to refuse to consider properly tendered evidence which is relevant and not repetitive." *Hales & Hunter Co. v. Norfolk & Western Ry. Company* (1981), Ind., 428 N.E.2d 1225, 1227 (error to refuse to publish depositions).[2] Here, there was never a suggestion the six depositions were irrelevant or redundant. Rather, El Dee and Criterion Group objected because the depositions had not been submitted at least one day before the hearing. When pressed on appeal, however, El Dee and Criterion Group concede no such rule exists. Instead, they take the position that the refusal to publish was proper under Ind.Trial Rule 32, entitled "Use of Depositions in Court Proceedings."[3]

■ This argument fails for two additional reasons. It has long been established that objections not made in the trial court cannot be urged on appeal. *Jacobs v. Moffatt* (1834), 3 Blackf. 395, 400. Second, although T.R. 32 may render some or all of the deposition testimony inadmissible at trial, the rule has no bearing on the act of publication, which is antecedent.

---

**2.** Although it is still the rule that depositions must be published before a trial court may consider them, under Ind.Trial Rule 5(D)(5) publication may now be achieved simply by filing the depositions with the trial court. *See Martin Rispens & Sons and Petoseed Co., Inc. v. Hall Farms, Inc.* (1992), Ind., 601 N.E.2d 429, 440 n. 3.

**3.** El Dee, Criterion Group, and the trial court may have been mistakenly referring to the provision in T.R. 56, which, prior to amendment in 1991, required that affidavits (but not depositions) be served on the opposing party prior to the day of the hearing. Unlike deposition testimony, the contents of which the adverse party presumably will be aware, an adverse party is

not likely to know the contents of an affidavit submitted on the eve of a summary judgment hearing.

Although this element of surprise is not present in the case of deposition testimony, "the preferred practice is to secure an order of publication before the hearing on a motion for summary judgment[.]" *St. Casimir Church v. Frankiewicz* (1990), Ind.App., 563 N.E.2d 1331, 1333 (no abuse of discretion to consider deposition published day of summary judgment hearing). In this case El Dee and Criterion Group certainly were aware of the contents of the six depositions, since it was they who required the six deponents to give the depositions.

### B. Offer to Prove

We are equally unimpressed with El Dee's and Criterion Group's argument that Campbell, Parker, Johnson, and Willis failed to preserve any allegation of error by not specifically offering to prove the contents of the depositions. An offer to prove enables the reviewing court to assess the wisdom of the trial court's refusal to admit the tendered evidence. Campbell, Parker, Johnson, and Willis fulfilled this objective when they offered the depositions for publication in the first instance. Depositions are, after all, printed documents; it is not possible the written testimony recorded within them might transubstantiate into a different combination of words and meanings when nobody is looking. We fail to see how offering to explain the depositions' contents in detail to a trial court which has already refused to publish the depositions enhances our ability to review allegations of error flowing from the trial court's refusal to consider the depositions' contents. The trial court should have published and considered the six depositions to determine whether they raised genuine issues of material fact for trial. Given that it did not, that task falls to us. *See Oelling, supra.*

### C. The Record of Proceedings

Campbell, Parker, Johnson, and Willis insist the entry of summary judgment against them was erroneous because the excluded depositions are rife with genuine issues of material fact. Considering the history of this case and the two published opinions addressing the significance of the record of proceedings, it is more than a little ironic—and equally distressing—that five of these six depositions so heavily and exclusively relied upon were not transmitted to this court.[4] The trial court's erroneous refusal to publish the depositions by no means relieved Campbell, Parker, Johnson, and Willis of their burden of proving their allegation that summary judgment was erroneous because their depositions raised genuine issues of material fact. *See id.* (burden of proving error on appeal falls upon appellants); *Shigley v. Whitlock* (1974), 160 Ind.App. 78, 310 N.E.2d 93 (burden of presenting a record sufficient for intelligent review of the claimed error falls upon the party assigning the error).

In order to prove to us the depositions raised genuine issues of material fact, Campbell, Parker, Johnson, and Willis obviously were required to include the depositions within the record of proceedings transmitted to us. Although Ind.Appellate Rule 7.2(A)(3)(b) states that "physical objects ... which, because of their nature cannot be incorporated in the transcript, shall not be sent to this Court on appeal," the rule specifically excludes "papers, maps, pictures, and like materials." Those objects, like depositions, which may easily be incorporated into the record must be included in the record of proceedings if error is to be predicated upon them in any way. *See Hall v. State* (1980), 273 Ind. 507, 405 N.E.2d 530 (under Ind.App.R. 7.2(A)(3)(b), defendant waived claim that he was entitled to change of venue based on pretrial publicity by failing to include documentation in the record on appeal that supported his claim of prejudicial publicity); *Timmonds v. Twomey* (1903), 160 Ind. 123, 66 N.E. 446 (failure to include affidavit); *Sears, Roebuck & Co. v. Roque* (1980), Ind.App., 414 N.E.2d 317, 321 (failure to include photographs).

One of the six depositions has reached us (thanks to Criterion Construction, which moved to supplement the record with it). The one deposition available for our examination was given by Rocky Campbell. Within this deposition there is nothing giving support, validity, or credence to Jesse Parker's and Marilyn Johnson's claims.[5] Because Parker and John-

---

**4.** We were, however, graced with two copies of the summary judgment transcript and at least two copies of the two-page release for each plaintiff who signed the release.

**5.** Although a brief passage in Campbell's deposition recounts the circumstances under which Jesse Parker signed the release, the passage simply does not raise any genuine issue of material

son failed to establish the existence of a genuine issue of material fact, we are compelled to affirm the grant of summary judgment against them and in favor of El Dee and Criterion Group, both of which made a *prima facie* showing of entitlement to judgment as a matter of law.

### D. Campbell's Claims

■ The Campbell deposition does give support to at least one of Campbell's claims, however. Considering the deposition's contents in the light most favorable to Campbell, the deposition establishes that El Dee and Criterion Group knew Campbell was residing with Jesse Parker, even though he had never signed a lease agreement with them, and implicitly approved his residence there. Campbell then recounted how El Dee and Criterion Group repeatedly refused to allow him to enter the damaged apartment and how when he was finally allowed entry, he discovered his possessions were missing. Finally, he reported that an employee of El Dee told him El Dee removed property from the apartments.

■ To establish a *prima facie* case of negligence, a plaintiff must present admissible evidence that a duty existed, a breach of the duty occurred, and that the breach proximately caused his injury. *Dickison v. Moody and Hargitt* (1993), Ind.App., 611 N.E.2d 691. The dispute here concerns the existence of a duty. Although El Dee and Criterion Group admit they had a duty "not to purposely discard property owned by somebody else," *record* at 228, they steadfastly deny they owed a duty to protect Campbell's property following the fire.

■ A duty may arise in one of two ways. It may be voluntarily assumed or it may be imposed by law. *See Id.; Gunter v. Village Pub* (1993), Ind.App., 606 N.E.2d 1310, 1312. Whether a duty exists in the first instance is a question of law, although that determination may often be dependent on facts particular to the case. *Gunter, supra,* at 1312. Whether a party voluntarily assumed a duty is a question for resolution by the fact-finder, as is the question of breach. *Id.*

■ Here, Campbell presented evidence that he was living in the apartment with the landlord's consent. A landlord owes his tenants' social guests the same duties he owes his tenants. *Dickison, supra.* Campbell also presented evidence that El Dee and Criterion Group hired a guard to protect the property, that the guard refused him access to his property, and that despite the guard's presence, the property was removed without his consent. Viewed favorably to Campbell, this evidence established El Dee and Criterion Group assumed an obligation to protect the property within the apartments, breached the obligation, and in so doing caused injury. Because Campbell made a *prima facie* showing of duty, breach, and causation and established the existence of genuine issues of material fact, summary judgment against Campbell's negligence claim and in favor of El Dee and Criterion Group was inappropriate and must be reversed.[6]

■ To establish a *prima facie* case of conversion, a plaintiff must demonstrate the tortfeasor appropriated his personal property for the tortfeasor's own use and benefit, in exclusion and defiance of the owner's rights, and under an inconsistent claim of title. *Howard Dodge & Sons v. Finn* (1979), 181 Ind.App. 209, 211, 391 N.E.2d 638, 640. Campbell relies exclusively on a statement related to him by an El Dee employee that El Dee disposed of the property. Before an agent's hearsay statement may be admitted against his principal, however, it must be demonstrated the statement was made within the scope of the agent's authority and within the scope of his employment. *Uebelhack Equipment, Inc. v. Garrett Bros.* (1980), Ind. App., 408 N.E.2d 136, 138. Campbell and the El Dee employee spoke while the two attended an alcoholics anonymous meeting.

---

fact supporting Parker's claim of negligence and conversion against any defendant.

**6.** Because Campbell has not argued the common law or the legislature has specifically imposed a general duty upon landlords to protect their tenants' possessions following a fire, we have no occasion to address the issue at this time.

Although the words may have been spoken in the course of the El Dee employee's employment, there is nothing in the record to so indicate. As proponent of the evidence, Campbell carried the burden of proving its admissibility. Without alleging the agent's statement was made in the course of the agent's employment, Campbell has failed to demonstrate the El Dee employee's statement was admissible. A court may not consider inadmissible evidence when evaluating a motion for summary judgment. *See Martin Rispens & Sons, supra,* n. 2. Without the statement, Campbell has nothing to support his claim of conversion against any defendant. We conclude the trial court correctly entered summary judgment in favor of El Dee and Criterion Group and against Campbell on his conversion claim.

### Criterion Construction's Role

The only evidence relating to Criterion Construction is Campbell's testimony that Criterion Construction was named because he had seen some of their trucks on the scene six months after the fire. Campbell specifically testified he did not see Criterion Construction "haul away" any personal property, he admitted "no one accused them of that," and he conceded he had no basis other than "presumption" for believing Criterion Construction was an agent or principal of either El Dee or Criterion Group. *Campbell Deposition* at 66–67. Thus, the undisputed facts are that Criterion Construction did not negligently or intentionally injure any tenant's property and that Criterion Construction cannot be held accountable for El Dee's or Criterion Group's wrongful acts or omissions on agency grounds. That being the case, Criterion Construction was entitled to summary judgment. We instruct the trial court to enter summary judgment in Criterion Construction's favor and against Campbell, Parker, and Johnson.

### Carolyn Willis's Role

At no point did the trial court enter summary judgment against Carolyn Willis. Instead, she was dismissed when the trial court approved the order mistakenly dismissing all ten remaining plaintiffs rather than just the two who settled. Following a successful T.R. 60(A) motion which, we observe, Willis did not join, Willis's and seven other plaintiffs' claims were restored. Several months later, the trial court again dismissed her claim.

We agree with El Dee, Criterion Group, and Criterion Construction that Willis's challenge must fail. At the September 27, 1989 summary judgment hearing, Willis's attorney represented to the court that he had agreed to dismiss her claim against El Dee and Criterion Group. In addition, our review of the record satisfies us that Willis's attorney meant to dismiss her claims against Criterion Construction, as well. Although Willis's presence in this forum suggests this was not a result she wished, she is nonetheless bound by her agent's representations on her behalf. *See Klebes v. Forest Lake Corp.* (1993), Ind.App., 607 N.E.2d 978 (settlement context). The trial court correctly dismissed Willis from the suit.

### Conclusion

Summary judgment was entered in favor of El Dee and Criterion Group and against Campbell, Parker, and Johnson. Of the three plaintiffs, only Campbell established summary judgment was improperly entered, but then only as to his negligence theory. We therefore reverse and remand the summary judgment in favor of El Dee and Criterion Group on Campbell's negligence claim, but affirm the summary judgment on his allegation of conversion. Because no plaintiff sustained the burden of establishing a *prima facie* case against Criterion Construction, we instruct the trial court to grant summary judgment in its favor as against Campbell, Parker, and Johnson alike. Finally, we affirm the trial court's dismissal of Carolyn Willis's claims against all defendants.

Affirmed in part, reversed in part, and remanded.

SHIELDS and SULLIVAN, JJ., concur.