**AMERICAN EMPLOYERS' INSURANCE COMPANY, a Massachusetts Corporation, Plaintiff,**

v.

**Fred R. WHITE and Frederick T. Harmon, Defendants.**

**Civ. No. H92–0368.**

United States District Court, N.D. Indiana, Hammond Division.

Oct. 19, 1993.

Robert D. Hawk and Tammy S. Sestak, Merrillville, IN, Michael J. Duffy and Shaun McParland Baldwin, Chicago, IL, for plaintiff.

Craig V. Braje and William J. Nelson, Jr., Michigan City, IN, for defendants.

### ORDER

MOODY, District Judge.

This matter comes before the court upon the motion of American Employers Insurance Company [hereinafter "American Employers"] to file and publish the deposition of Fred R. White. American Employers' motion is **DENIED.**

The issues raised by American Employers' motion are ones that occasionally recur in this court as a result of a distinction between practice here and in the state courts of Indiana. Indiana law states that "a court may not consider depositions that have not been properly published." *Campbell v. Criterion Group,* 613 N.E.2d 423, 429 (Ind.Ct. App.1993). The requirement of a successful motion to publish before a court will consider a deposition is a creature of Indiana case-law

that pre-dates the 1970 adoption of the Indiana Rules of Trial Procedure. 1 HARVEY, INDIANA PRACTICE ¶ 5.7 (2d ed. Supp.1993). The publication requirement was "resuscitated" by the Indiana Supreme Court in *Augustine v. First Federal Savings and Loan Ass'n of Gary*, 270 Ind. 238, 384 N.E.2d 1018 (1979). HARVEY, *supra*. There is apparently room for dispute between *Campbell*'s position that publication remains a requirement and HARVEY's that "[t]he effect of the 1991 amendment [to the Trial Rules] is to overturn the *Augustine* decision.[1] That dispute is, however, one for the state courts of Indiana. There is not now nor has there been a publication requirement before this court. Accordingly, attorneys practicing before this court should forbear filing motions for publication, thus conserving both their own efforts and their clients' funds.

 Likewise with regard to filing. Rule 5(d) of the Federal Rules of Civil Procedure states, in part, that "the court may ... on its own initiative order that depositions ... not be filed unless on order of the court." Rule 15 of the General Rules for the United States District Court, Northern District of Indiana states, in part:

> Due to the considerable cost to the parties of furnishing discovery materials, and the serious problems encountered with storage, this court adopts the following procedure with regard to the filing of discovery materials:

> (a) Except as provided in subsection (e) of this rule, ... depositions under Rules 30 and 31 ... shall be served upon other counsel or parties, but shall not be filed with the court.

Subsection (e) of the rule concerns cases in which a party is not represented by counsel. Harmon is represented by counsel in this matter. The Federal Rules of Civil Procedure and, more particularly, this court's local

rules, therefore render American Employers' motion inapposite.[2]

**SO ORDERED.**

---

1. An intermediate interpretation of Indiana law suggests that the 1991 amendments to the Trial Rules provides for publication just by filing the deposition with the trial court. *See Martin Rispens & Son v. Hall Farms, Inc.*, 601 N.E.2d 429, 440 n. 3 (Ind.Ct.App.1992), *vacated on other grounds* 621 N.E.2d 1078 (Ind.1993).

2. Use of White's deposition testimony at trial, or in connection with pretrial motions, is governed by Rule 15(c) of the General Rules for the United States District Court, Northern District of Indiana.