Pamela L. THOMPSON,
Appellant–Plaintiff,

v.

FERDINAND SESQUICENTENNIAL COMMITTEE, INC. and Wheels of Fortune, Inc., Appellees–Defendants.

No. 19A01–9401–CV–30.

Court of Appeals of Indiana,
First District.

June 30, 1994.

F. Stephen Sheets, Evansville, for appellant.

Steven C. Bradley, Dennis L. Voelkel, Noffsinger, Price, Bradley & Shively, Jasper, for appellees.

BAKER, Judge.

Today we decide the effect of the statute limiting civil liability to those who furnish alcohol to visibly intoxicated persons on an action alleging furnishing alcohol to a minor. Appellant-plaintiff Pamela L. Thompson attacks a jury instruction on her wrongful death claim against appellee-defendants Ferdinand Sesquicentennial Committee, Inc. and Wheels of Fortune, Inc. (collectively "Sellers") claiming the final instructions incorrectly stated the law.

## FACTS

The facts most favorable to the judgment are that on July 6, 1990, Thompson's eighteen-year-old son, Shawn L. Leinenbach, entered the beer garden at the Ferdinand Sesquicentennial celebration in Ferdinand, Indiana. While in the beer garden, operated by volunteers of Wheels of Fortune, Leinenbach purchased and consumed alcoholic beverages. In the early morning hours of July 7, 1990, Leinenbach left the beer garden on a Yamaha motorcycle and was later killed when he collided with the rear of a vehicle operated by Jackie Neu.

Thompson filed a six count complaint against the Ferdinand Sesquicentennial Committee, its individual members, Wheels of Fortune, and the Town of Ferdinand alleging wrongful death. The trial court granted summary judgment in favor of all parties except the Ferdinand Sesquicentennial Committee and Wheels of Fortune. A jury trial was held at which Thompson properly objected to Final Instruction 16 and tendered her own instruction, which was also given by the trial court. Final Instruction 16 reads:

> In order for Plaintiff to recover from the Defendants, Plaintiff [sic] must first determine that Plaintiff has proved all of the following propositions:
>
> First: That the Defendants sold, provided or furnished to Shawn Leinenbach alcoholic beverages; and
>
> Second: That Defendants were reckless when they sold, provided or furnished alcoholic beverages to Shawn Leinenbach; and
>
> Third: That the person who furnished the alcoholic beverages to Shawn Leinenbach on behalf of the Defendants had actual knowledge that Shawn Leinenbach was visibly intoxicated at the time the alcoholic beverage was furnished; and
>
> Fourth: That Shawn Leinenbach's intoxication resulting from his being furnished alcoholic beverages by the Defendants was a proximate cause of his death.
>
> If you find from a consideration of all the evidence that any one of these propositions has not been proved, your verdict

should be for the Defendants, and no further deliberation of the jury is necessary.

> However, if you find from a consideration of all the evidence that all of these propositions have been proved, then you have determined that Defendants are at fault and you must make another determination.

*Record* at 243. The jury found in favor of the Sellers.

## DISCUSSION AND DECISION

Thompson claims that Final Instruction 16 is an incorrect statement of the law. In considering whether an error results from the giving of an instruction, we consider 1) whether the tendered instruction correctly states the law, 2) whether there is evidence in the record to support the giving of the instruction, and 3) whether the substance of the instruction is covered by other instructions which are given. *Wal–Mart Stores, Inc. v. Blaylock* (1992), Ind.App., 591 N.E.2d 624, 626, *trans. denied.*

Initially we note Sellers argue that Thompson has failed to properly preserve her objection to Final Instruction 16. Sellers contend, without citation to authority, that "the proper presentation of this instruction is a transcription of the judge's words." Brief of Appellee at 6. Thus, the argument continues, the mere inclusion of the written final instructions are insufficient for our review. In addition, Sellers complain that Thompson failed to include a verbatim transcript of her objection in the record.

In the absence of evidence of the trial court's verbal instructions to the jury, we presume the instructions were given as written. *Mitchell v. Godsey* (1941), 109 Ind.App. 399, 403, 32 N.E.2d 745, 747. Furthermore, we granted Thompson's motion to supplement the record with a verbatim transcript of her objections to the final instructions. Thus, Thompson has presented a sufficient record for our review.

Thompson contends the language which requires her to show that the person who furnished Leinenbach alcoholic beverages had actual knowledge that he was visibly intoxicated when the beverages were fur-

nished is an incorrect statement of the law. According to Thompson, the complaint stated a cause of action based on IND.CODE § 7.1–5–7–8, which prohibits the sale of alcohol to a minor. Thus, Thompson argues she need only show a violation of that statute to establish liability. She contends the immunity provisions of I.C. § 7.1–5–10–15.5, which preclude liability absent a showing of visible intoxication, are inapplicable. Thompson is mistaken.

Indiana Code § 7.1–5–7–8 prohibits the sale of alcohol to minors and provides that a person who recklessly sells, barters, exchanges, provides, or furnishes an alcoholic beverage to a minor commits a Class C misdemeanor. Indiana Code § 7.1–5–10–15.5 states:

A person who furnishes an alcoholic beverage to a person is not liable in a civil action for damages caused by the impairment or intoxication of the person who was furnished the alcoholic beverage unless:

1) the person furnishing the alcoholic beverage had actual knowledge that the person to whom the alcoholic beverage was furnished was visibly intoxicated at the time the alcoholic beverage was furnished; and

2) the intoxication of the person to whom the alcoholic beverage was furnished was a proximate cause of the death, injury, or damage alleged in the complaint.

■ When construing a statute, our foremost duty is to determine and give effect to the true intent of the legislature. *Indiana Dep't of Human Servs. v. Firth* (1992), Ind. App., 590 N.E.2d 154, 157, *trans. denied.* To do this, it is necessary to view the statute within the context of the entire act, rather than in isolation. *Id.* When a statute is clear and unambiguous on its face, we may not interpret the statute. *Scheub v. Town of Schererville* (1993), Ind.App., 617 N.E.2d 585, 587. Rather, words are to be given their plain, ordinary and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Department of Public Welfare v. Couch* (1992), Ind., 605 N.E.2d 165, 167. We will not construe statutes in a manner which leads to absurdity or hardship. *Supe-*

*rior Constr. Co. v. Carr* (1990), Ind., 564 N.E.2d 281, 284.

■ In Indiana, common law liability for negligence in the provision of alcoholic beverages is restricted to cases involving the breach of a statutory duty. *Rauck v. Hawn* (1990), Ind.App., 564 N.E.2d 334, 337. Indiana Code § 7.1–5–7–8 and I.C. § 7.1–5–10–15 identify the specific conduct, proof of which will provide evidence of negligence. *Id.* Moreover, it is well settled that the legislature has the authority to modify or abrogate common law rights. *State v. Rendleman* (1992), Ind., 603 N.E.2d 1333, 1336.

■ Applying these standards we look to I.C. § 7.1–5–10–15.5. That section provides that a person who furnishes an alcoholic beverage to another is not liable for civil damages caused by the intoxication unless the recipient was visibly intoxicated and the intoxication was the proximate cause of the alleged damage. As the statute is clear and unambiguous, we apply the plain and ordinary meaning to the words of the statute. Thompson's argument to the contrary notwithstanding, the statute on its face does not limit its application to sales to intoxicated adults; rather it applies to all civil actions against persons who furnish alcoholic beverages to "a person." I.C. § 7.1–5–10–15.5. Because minors are persons, the statute excludes from liability those who furnish minors with alcohol unless the minor was visibly intoxicated at the time the alcohol was furnished.

Had the legislature chosen to expose to civil liability those who negligently provide alcohol to a minor without showing visible intoxication, it could have easily done so; however, the legislature did not. Although Thompson argues that "[t]he legislature could not have intended to eviscerate the deterrent effect afforded by potential civil actions" against those who negligently provide alcohol to minors, this is exactly what the legislature has done. Brief of Appellant at 9. Thompson's argument that a lesser standard for recovery of civil damages is needed for those who provide alcohol to minors than for those who provide alcohol to an intoxicated adult is an argument more appro-

priately made to the legislature than to this court. Final Instruction 16 is a correct statement of the law as enacted by our legislature.

Judgment affirmed.

ROBERTSON and CHEZEM, JJ., concur.